1  Adam I. Gafni, Cal. Bar No. 230045
   LAW OFFICES OF ADAM I. GAFNI
2  2811 Wilshire Blvd., Suite 780
   Santa Monica, California 90403
3  Tel: (424) 744-8344
   Fax: (424) 488-1344
4  E-mail: adam@gafnilaw.com

5  Attorneys for Plaintiff,
   DAVID GORDON OPPENHEIMER

6
7
8
9              UNITED STATES DISTRICT COURT
10             EASTERN DISTRICT OF CALIFORNIA
11
12

| | |
|---|---|
| DAVID GORDON OPPENHEIMER<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST AERIAL SERVICES; BARRY MACOMBER; and DOES 1-10.<br><br>Defendants. | **Case No. 15-658**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

**Complaint For Copyright Infringement**

1

Plaintiff, DAVID OPPENHEIMER ("Mr. Oppenheimer" or "Plaintiff"), by and through his attorneys of record, allege against Defendants WEST COAST AERIAL SERVICES, BARRY MACOMBER, (hereinafter "Defendants") and DOES 1 through 10 as follows:

## I.

## THE PARTIES

1. Plaintiff is a world-acclaimed and sought-after photographer in the entertainment industry who specializes in concert photography of well-known musicians and bands. Many of Plaintiff's images are of iconic musicians and/or other public figures, including but not limited to Paul McCartney, The Police, Bob Dylan, Stevie Wonder, Sir Elton John, Eric Clapton, Tom Petty and the Heartbreakers, Dave Matthews Band, Willie Nelson, B.B. King, Kenny Rogers, Lauryn Hill, Jack Johnson, Kings of Leon, The Shins, Steve Miller Band, Jay-Z, The Beastie Boys, Bruce Springsteen, Colin Hay, Mark Boyce, The Allman Brothers Band, David Crosby and Graham Nash, Al Green, David Byrne, Michael Franti, Thievery Corporation, Metallica, Cypress Hill, The Smashing Pumpkins, The Flaming Lips, Ice Cube, Wu-Tang Clan, Public Enemy, Snoop Dogg & Warren G, G. Love & Special Sauce, The Black Crowes, Steel Pulse, Beck, Phish, The Dead, Jurassic 5, Ozomatli, Matisyahu, Ani DiFranco, the Yeah Yeah Yeahs, and President Bill Clinton and Congressman Heath Shuler at the Democratic Rally Pack Square Park, Downtown Asheville.

2. Plaintiff's professional photography business extends well beyond concert and celebrity photography; he runs a full service photography company which also includes event, travel, and aerial photography. Plaintiff has travelled across the United States to take photos of some of this country's most breathtaking landscapes and landmarks, including a series of the Blue Ridge Mountains in North Carolina, one of which is the image at issue in this action. In order to take these aerial photographs, Plaintiff undertakes substantial effort, expense, and

risk in taking photographs such as the photograph at issue.

3. Plaintiff's photographs have been featured in magazines and other media outlets, such as Rolling Stone, MSNBC, FUSE, MTV, and AOL.

4. Plaintiff's photographs are copyrighted images to which he owns all rights and title.

5. Plaintiff is informed and believes and based thereon alleges that the Defendant West Coast Aerial Services is an organization whose business type is unknown with its principal place of business located at 673 Pestana Dr., Galt, California, 95632.

6. Plaintiff is informed and believes that Defendants West Coast Aerial Services and Barry Macomber own, operate, manage, supervise, and control the website http://www.westcoastaerialservices.com (the "Website") that, according to the Website, offers engagement and wedding photography services packages along with accounting services such as tax planning and seminars with "board certified" accountants.

7. Plaintiff is informed and believes that Defendants West Coast Aerial Services and Barry Macomber acted in concert to create, control, administer, and support, the Website and/or to commit the infringing acts alleged herein.

8. Plaintiff does not presently know the true names and capacities of the defendants named as DOES 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to hereinafter collectively as

**Complaint For Copyright Infringement**
3

1  "Defendants."

2  9.  Plaintiff is informed and believes that Defendants have been or are the
3  principals, officers, directors, agents, employees, representatives, and/or co-
4  conspirators of each of the other Defendants, and in such capacity or capacities
5  participated in the acts or conduct alleged herein and incurred liability therefore.
6  Plaintiff is informed and believes that at some unknown time, the Defendants or
7  some of them entered into a conspiracy with other of the Defendants to commit
8  the wrongful acts described herein; the actions described below were taken in
9  furtherance of such conspiracy; and Defendants aided and abetted each other in
10 the wrongful acts alleged herein. Plaintiff is informed and believes that each of
11 the Defendants acted for personal gain or in furtherance of their own financial
12 advantage in doing the acts alleged below.

## II.

## JURISDICTION AND VENUE

10. Plaintiff incorporates by reference paragraphs 1-9 above as if fully set forth herein.

11. This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.* and 17 U.S.C § 501 *et seq.*, and is for infringement of copyrights registered with the Copyright Office of the United States.

12. Subject Matter Jurisdiction. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

13. Venue. Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).

14. Personal Jurisdiction. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because since July 2014 and continuing to the date of this Complaint Defendants operate commercial businesses headquartered within this judicial district and/or through which

**Complaint For Copyright Infringement**
4

1  Defendants knowingly, systematically, and continuously transact business and
2  enter into contracts on an ongoing basis with and provide services to individuals
3  or companies in California, including within this judicial district; and
4  Defendants have engaged in knowing and intentional acts that willfully
5  infringed or assisted in the infringement of Plaintiff's copyrights within
6  California.

7  15.  Plaintiff is informed and believes that Defendants, and those in control of westcoastaerialservices.com have had, had had at relevant times, and/or continues to have technical and/or administrative operations in California, within this judicial district, such that the complained of conduct was directed or controlled from this judicial district.

12 16.  Plaintiff is informed and believes that Defendants have provided, and/or continue to provide, accounting, tax, and photography services to businesses and individuals in California.

15 17.  Plaintiff is informed and believes that the Defendants have control of the website http://westcoastaerialservices.com, where the infringing activity occurred and is occurring. The domain was registered, according to whois, on July 6, 2014 to Mr. Macomber in Galt, CA. Plaintiff is informed and believes that no other persons other than Defendants are able to upload images onto or otherwise control the website.

### III.
### FACTUAL ALLEGATIONS

18.  Plaintiff incorporates by reference paragraphs 1 - 17 as if fully set forth herein.

19.  Plaintiff David Oppenheimer ("Mr. Oppenheimer") is a professional photographer.

20.  Plaintiff is informed and believes that the Defendants manage and control a

**Complaint For Copyright Infringement**
5

commercial website at www.westcoastaerialservices.com where Defendants offer, among other services, wedding and engagement photography packages. A screenshot of the "Services" page of the website is attached hereto as Exhibit 1.

21. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office.

22. The Photograph was created by photographer David Oppenheimer, who owns the copyright to the work. Specifically, the copyright number is as follows:

 (1) Reg. No. VAu 1-151-394. The Photograph was deposited with the contents title: Aerial_1a_Oct18_2013_OPP7942.

23. The Photograph was not a "work for hire."

24. Plaintiff has incurred substantial time and expense in creating the Photograph.

25. Within the last three years, Plaintiff discovered that Defendants unlawfully copied, displayed, and distributed his registered Photograph without a license on their commercial websites to advertise their services.

26. Plaintiff is informed and believes that Defendants used the Photograph on www.westcoastaerialservices.com and/or other sites. An example of Defendants infringing use is attached hereto as Exhibit 2.

27. The Photograph was used by the Defendants without obtaining a license or consent from Plaintiff, violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and 501.

28. The Photograph's copyright management information is included on the Photograph where the Photograph legitimately appears. The copyright management information has been edited or omitted from the image used on www.westcoastaerialservices.com.

**Complaint For Copyright Infringement**
6

29. Plaintiff is informed and believes that the Defendants unlawfully uploaded, reproduced, publicly distributed, displayed, and published the Photograph after it had been registered with the United States Copyright Office because the Photograph was not released until after registration.

30. Plaintiff is informed and believes that the Defendants acted willfully and/or in reckless disregard of Plaintiff's copyright.

31. Although the Photograph has been taken down off of the main web page the image URL continued to remain active online, and continues to be displayed and distributed at the following link: http://nebula.wsimg.com/b51213b933ac80708842cbeac4d3fbd3?AccessKeyId=15861E9BFF924B920925&disposition=0&alloworigin=1 A printout of the infringing URL from June 5, 2015 is attached hereto as Exhibit 3.

## IV.

## COPYRIGHT INFRINGMENT PURSUANT TO 17 U.S.C. §§ 106 and 501

32. Plaintiff incorporates by reference paragraphs 1-31 above as if fully set forth herein.

33. Plaintiff owns all rights, titles, and interest in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

34. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. Section 101 *et. seq.* and 501 *et. seq.* (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, inter alia, to reproduce, distribute and publicly display the Photograph.

35. Defendants have misappropriated Plaintiff's copyright through the copying, display, publication, and distribution of the Photograph on its commercial web page www.westcoastaerialservices.com and/or other sites.

36. Defendants misappropriated Plaintiff's copyright in the Photograph recklessly and/or with actual knowledge that the Photograph at issue did

not belong to Defendants and that Defendants did not have the right or license to engage in the infringing activity alleged herein. Defendants thereby willfully engaged in the infringing activity alleged herein. Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 501, et seq.

37. Defendants' willful infringement has caused irreparable damages to Plaintiff for which he has no adequate remedy of law.

38. Defendants' unlawful use of copies of Plaintiff's original Photograph has diminished the value of the original Photograph by distributing and encouraging redistribution of the Photograph without identifying the Photograph as being the exclusive property of Plaintiff.

39. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original Photograph, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

40. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

41. Defendants, by their unauthorized appropriation and use of Plaintiff's original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

42. Because Defendants used Plaintiff's copyrighted Photograph without license, infringing the exclusive rights of Plaintiff as the copyright owner,

Plaintiff is entitled to have the infringing publication and any improperly acquired likeness or images (however stored or recorded) impounded while this action is pending.

43. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph in the manner described above.

44. Plaintiff is informed and believes that Defendants acted willfully and with actual knowledge that they were infringing Plaintiff's copyrights or with reckless disregard for the high probability that they were infringing the Plaintiff's copyrights.

45. Defendants' conduct constitutes direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photograph in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. sections 106 et seq. and 501 et seq.

46. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to relief, including but not limited to injunctive relief, actual and/or statutory damages, profits of Defendants, statutory costs and attorney's fees, and pre-judgment interest. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

**PRAYER FOR RELIEF**

Complaint For Copyright Infringement

9

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.
3. For statutory damages under the Copyright Act of up to $150,000.00 per infringement.
4. For prejudgment interest.
5. For attorneys' fees and costs.
6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to: enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and
7. For such other and further relief as this Court deems just and appropriate.

Dated: June 10, 2015

                                      LAW OFFICES OF ADAM I. GAFNI

                                      By: /s/ _____ Adam I. Gafni
                                      Adam I. Gafni
                                      Attorneys For Plaintiff
                                      David Gordon Oppenheimer

1-28

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this case.

Dated: June 10, 2015

                 LAW OFFICES OF ADAM I. GAFNI

                 By: /s/      Adam I. Gafni
                 Adam I. Gafni
                 Attorneys For Plaintiff
                    David Gordon Oppenheimer

# Exhibit 1



# WEDDING

Let us photograph your love story! All packages are subject to additions, exclusions - this is your day and we want to help make it memorable.

Three hour photo shoot. You select three poses and sizes for each. Prints included: (2) 8x10, (4) 5x7 & 20 wallets. Also included CD of those 5 poses with photo release.

You select 25 poses and sizes for each. Prints included (10) 8x10, (8) 5x7 & 28 wallets. CD included of those 25 poses with photo release.

## The Breakdown

### Bride's Prep
As the bride puts on the most important dress of her life and prepares to walk down the aisle.

### Ceremony
Capture the memories as you say "I do".

### Portraits
Make sure each member of the bridal party shows a good face!

### Reception
Photograph the best dance party of your life.

## The Packages

### Package 1
4 hour photography. Usually we can cover three of the four categories listed above in this time.

### Package 2
Usually the minimum to cover all four photography events (brides prep, ceremony, portraits and reception). 6 hour is a nice compromise between a budget and capturing your special day.

### Package 3
Full day coverage! Capture your entire day from brides prep to reception with the wedding standard 8 hour day.

Exhibit 2

West Coast Aerial Services; Macomber; and Mattingly                    October 8, 2014

Infringing URL: http://www.westcoastaerialservices.com/



# Exhibit 3

Case 2:15-cv-01240-TLN-DB   Document 1   Filed 06/10/15   Page 18 of 18

