1  ADAM I. GAFNI, Cal. Bar No. 230045
   **LAW OFFICES OF ADAM I. GAFNI**
2  2811 Wilshire Blvd., Suite 780
   Santa Monica, CA 90403
3  Tel: (424) 744-8344
   Fax: (424) 488-1344
4  E-mail: adam@gafnilaw.com

5  Attorney for Plaintiff,
   DAVID GORDON OPPENHEIMER
6

7

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12
   DAVID OPPENHEIMER                  **Case No.** 2:15-cv-01240-TLN-EFB
13                                    (TEMP)
                Plaintiff,
14                                    Assigned to the Honorable Edmund F.
           v.                         Brennan
15
16
   WEST COAST AERIAL SERVICES;        **NOTICE OF AMENDED
17 BARRY MACOMBER and DON             HEARING DATE**
   MATTINGLY; and, DOES 1-10.
18                                    Complaint Filed: June 10, 2015
19              Defendants.
20
21
22

23

24        **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF**

25 **RECORD, PLEASE TAKE NOTICE THAT:**

26        Plaintiff's Motion for Entry of Default Judgment which was previously set

27 for May 11, 2016, at 10:00 am has been continued and will be held on June 15,

28 2016, at 10:00 am at 501 I Street, Sacramento, CA 95814, Courtroom 8. Attached

---

1   hereto as "Exhibit 1" is Plaintiff's Motion in its entirety.

2

3   May 11, 2016                    LAW OFFICES OF ADAM I. GAFNI

4                                   */s/ Adam I. Gafni*
5                                   Adam I. Gafni
                                    Attorney For Plaintiff
6                                   David Gordon Oppenheimer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

Adam I. Gafni, Cal. Bar No. 230045
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff,
DAVID GORDON OPPENHEIMER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>    Plaintiff,<br><br>        v.<br><br>WEST COAST AERIAL SERVICES;<br>BARRY MACOMBER; and DOES 1-10.<br><br>    Defendants. | Case No.: 2:15-cv-01240-TLN-EFB (TEMP)<br><br>Assigned to the Honorable Edmund F. Brennan<br><br>**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>Complaint Filed: June 10, 2015<br><br>Hearing Date: May 11, 2016<br>Time: 10:00 am |

**TO ALL PARTIES, AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE** that on **May 11, 2016** at **10:00 a.m.**, or as soon thereafter as this matter may be heard by the Honorable Edmund F. Brennan of the above-entitled Court located at 501 I St, Sacramento, CA, 95814, Courtroom 8, 13th Floor, Plaintiff DAVID GORDON OPPENHEIMER will present his application for a default judgment against Defendants WEST COAST AERIAL

1   SERVICES ("West Coast Aerial") and BARRY MACOMBER ("Macomber")

2   (collectively, "Defendants"). The clerk entered the default of Defendants on

3   August 18, 2015.

4

5

6   Dated: April 4, 2016                    LAW OFFICES OF ADAM I. GAFNI

7                                           By:  /s/ Adam I. Gafni

8                                           Adam I. Gafni
                                            Attorneys for Plaintiff
9                                           David Gordon Oppenheimer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S APPLICATION FOR DEFAULT**                    2:15-CV-01240-TLN-EFB (TEMP)
**JUDGMENT BY COURT**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION…………………………………………………3

II.    STATEMENT OF FACTS…………………………………………..3

    A. Plaintiff David Gordon Oppenheimer Owns the Copyright to the Photograph………………………………………….…….3

    B. Discovery of Defendants' Willfully Infringing Activity………..…4

III.   ARGUMENT……………………………………………………7

    A. Legal Standard for Entering Default Judgment…………………..7

    B. Default Judgment is Appropriate Here…………………………8

    C. Plaintiff is Entitled To Statutory Damages for Defendants' Willful Conduct………………………………………………..12

    D. Plaintiff's Are Entitled to Costs and Reasonable Attorney's Fees……………………………………………………14

IV.   CONCLUSION…………………………………………………..15

1

# TABLE OF AUTHORITIES

2

**Cases**                                                                                    **Page**

3

*Alan Neuman Productions, Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir.

4

1988)………………………………………………………………………………7

5

*Autodesk, Inc. v. Flores, 10-cv-01917-LHK*, 2011 U.S.Dist. LEXIS 11687, *30-31

6

(N.D. Cal. Jan. 31, 2011)………………………………………………7,9

7

*Broadcast Music, Inc. v. Colonial Foods, Inc.*, C-92-4253-DLJ, 1993 U.S. Dist.

8

LEXIS 3859, *9 (N.D. Cal. March 22, 1993)………………………7,12,15

9

*Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-918 (E.D.

10

Wis. 1997)…………………………………………………………………...14

11

*Coleman v. Payne*, 698 F. Supp. 704, 708 (W.D. Mich. 1988)…………………...13

12

*Columbia Pictures Indus. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 186,

13

1194 (9th Cir. 2001)………………………………………………………...12,13

14

*Dillard v. Victoria M. Morton Enters.*, 2:08-cv-01339 FCD KJN PS, 2010 U.S.

15

Dist. LEXIS 48539, *23 (E.D. Cal. April 23, 2010)……………………………….8

16

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)……………………8,9,11

17

*Fermanta Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257,

18

1264 (S.D. Tex. 1989)……………………………………………………………13

19

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)……………………………....14

20

*Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919, 922 (E.D. Wisc. 1989)…….13

21

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)…….12

22

*J & J Sport Prods. v. Salas*, 13-cv-0553-BLF, 2015 U.S. Dist. LEXIS 68638, *4

23

(N.D. Cal. May 27, 2015)………………………………………………………..7

24

*Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003)……………….13

25

*Kloepping v. Fireman's Fund*, C 9402684 TEH, 1996 U.S. Dist. LEXIS 1786, *3

26

(N.D. Cal. Feb. 14, 1996)………………………………………………………..11

27

28

**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**
2:15-CV-01240-TLN-EFB (TEMP)

*Lifted Research Group, Inc. v. Salem*, C-08-4497 SC, 2009 U.S. Dist. LEXIS 44850, *21 (N.D. Cal. May 15, 2009)…………………………………………15

*Livingston v. Art.com, Inc.*, 13-CV-03748-JSC, 2015 U.S. Dist. LEXIS 92211, *52 (N.D. Cal. April 17, 2015)…………………………………………………8,14

*Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)………….14

*Odnil Muisc, Ltd. v. Katharsis LLC*, S-05-0545 WBS JFM, 2006 U.S. Dist. LEXIS 65813, *21 (E.D. Cal. July 20, 2006)…………………………………………13,14

*Pac. Stock, Inc. v. MacArthur & Co.*, 11-00720 JMS/BMK, 2012 U.S. Dist. LEXIS 128258, *19 (D. Haw. Sept. 10, 2012)…………………………………………15

*Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008)…………………………………………………………………………15

*Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013)………..14

*Televideo Sys., Inc., v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987)………..7


**Statutes**

17 U.S.C. § 106…………………………………………………………………9

17 U.S.C. § 501…………………………………………………………………9

17 U.S.C. § 504(c)(1)…………………………………………………………...3,12

17 U.S.C. § 504(c)(2)…………………………………………………………..12

Fed. Rule Civ. P. 54(c)…………………………………………………………12

**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**
2:15-CV-01240-TLN-EFB (TEMP)

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff DAVID GORDON OPPENHEIMER submits this Memorandum of Points and Authorities in Support of his Application for Default Judgment by the Court against Defaulted Defendants WEST COAST AERIAL SERVICES ("West Coast Aerial") and BARRY MACOMBER ("Macomber") (collectively, "Defendants").

## I.   INTRODUCTION

This action is for willful direct copyright infringement of Plaintiff's copyrighted photograph of the Blue Ridge Mountains. The photograph depicts the tops of brightly colored enmeshed tree-tops and was taken from a manned airplane looming high above the ridgeline of the famed mountain range. Defendants prominently displayed this photograph on the homepage of their commercial aerial photography business website without purchasing a license from Plaintiff. Defendants' business, according to the website where the infringing photograph was posted, was an aerial photography business and later, an engagement and wedding photography service. Outrageously, considering Defendants' boasts of their purpose, they chose to use an unlicensed aerial photograph shot by somebody else, in place of one of their own making, to promote their competing photography services. Defendants uploaded, displayed, and distributed Plaintiff's image without a license or consent. Plaintiff therefore requests entry of default judgment against Defendants for statutory damages in the amount of **$19,430.00**, costs in the amount of $475.00, and reasonable attorneys' fees in the amount of **$5,500.00,** pursuant to Federal Rule of Civil Procedure 55(b)(2) and 17 U.S.C. §§ 504(c)(1) and 505.

## II.   STATEMENT OF FACTS

### A.  Plaintiff David Gordon Oppenheimer Owns the Copyright to the Photographs

Plaintiff is a resident of the State of North Carolina and is a renowned professional photographer specializing in concert and landscape photography. Plaintiff operates the websites www.performanceimpressions.com and www.concertphotosmagazine.com from which he licenses his work and regularly sells his copyrighted images across the United States. Declaration of David Gordon Oppenheimer, ¶¶ 2 and 3. His photographs are copyrighted images which he licenses exclusively through his websites. Complaint, ¶¶ 1-4; Oppenheimer Dec., ¶ 2. Plaintiff routinely photographs the Blue Ridge Mountains in North Carolina and expends substantial effort, expense, and risk in taking these photographs. Complaint, ¶¶ 2, 24; Oppenheimer Dec., ¶ 5. The photographs were not works for hire. Complaint, ¶ 23. Plaintiff registered the photograph at issue with the United States Copyright Office and was issued a Certificate of Registration on October 24, 2013. Complaint, ¶¶ 11, 21; Oppenheimer Dec., ¶ 6; Exh. 1. The registered name and number of the photograph is:

| Registration Number | Contents Title |
|---|---|
| VAu 1-151-394 | Aerial_1a_Oct18_2013_OPP7942 |

(the "Photograph"). Complaint, ¶ 22; Oppenheimer Dec., ¶ 6; Exh. 1. Plaintiff has never authorized the use of, or licensed the right to use, his copyrighted photographs to Defendants. Oppenheimer Dec., ¶ 12.

### B. Discovery of Defendants' Infringing Activity and Continued Willful Infringing Activity

Defendants West Coast Aerial and Macomber, by all available evidence, own, operate, manage, supervise, and control the website www.westcoastaerialservices.com (the "Website"). The Website, at the time of the

infringements, promoted itself as an aerial photography website. Complaint, ¶ 6. According to a search of the domain name on the whois records, from the time the Website was created on July 6, 2014, through the filing of the Complaint, Macomber was the listed registrant, administrator, and technical contact for the Website. Declaration of Adam I. Gafni, ¶ 2; Exhs. 1 and 2. Notably, the Website is run completely from California and within this judicial district. *Id*.

Defendants, after the Photograph had been registered and within three years of filing of the Complaint, copied, reproduced, uploaded, downloaded, publicly displayed, and distributed Plaintiff's registered copyrighted photograph to a global audience via their **unquestionably commercial photography website**. Complaint, ¶¶ 25, 29, 35. Defendants' actions amount to direct willful copyright infringement. Complaint, ¶¶ 30, 36, 37, 44. Defendants used Plaintiff's copyrighted image without a license or consent, unbelievably on a website designed to highlight their own aerial photography. Complaint, ¶¶ 25, 27, 33, 36.

Specifically, on August 13, 2014, Plaintiff discovered that Defendants were prominently displaying his copyrighted photograph on their homepage. Oppenheimer Dec., ¶ 8. The metadata embedded in the Photograph as it appeared on the Website includes numerous notices regarding the copyright ownership and instructions on how to license the Photograph. Oppenheimer Dec., ¶ 10; Exh. 3. This information would have been easily accessible to Defendants. *Id*.

On October 8, 2014, Defendants were sent a Notice of Infringement and Demand to Cease and Desist Letter alerting them to the infringing activity occurring on their Website and demanding that all infringing links and images be taken down. Gafni Dec., ¶ 3; Exh. 3. No response was forthcoming, but one (1) of the two (2) identified infringing links in the letter was taken down. Gafni Dec., ¶ 3.

A second letter was sent on November 7, 2014, again demanding that the remaining infringing link be removed from Defendants' Website. Gafni Dec. ¶ 4;

**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**                    2:15-CV-01240-TLN-EFB (TEMP)

Exh. 4. A reply letter was received from an attorney, Mr. Marcus Bastida, of Parker Stanbury, LLP, sent on behalf of Macomber only, claiming he and Macomber had consulted regarding the cease and desist letters. Gafni Dec. ¶ 5. Mr. Gafni sent a third and final letter on December 8, 2014, but no written response was received. Gafni Dec. ¶¶ 5 and 6. Plaintiff's counsel and Mr. Bastida did connect briefly just prior to the filing of the Complaint in an attempt to discuss the issues, but it soon became clear Defendants were not interested in meaningful settlement discussions. Gafni Dec., ¶ 5. Mr. Gafni told Mr. Bastida that absent resolution suit would be filed thereafter. Gafni Dec. ¶¶ 5 and 6. Discussions between counsel ceased shortly thereafter and suit was filed. Gafni Dec., ¶ 6. The second identified link remained live and active through at least June 15, 2015. Oppenheimer Dec.,¶ 14.

Where the photograph legitimately appears, Plaintiff's copyright management information is included on the lower right-hand corner of the photograph as follows: © 2013 David Oppenheimer Performance Impressions. Complaint, ¶ 28; Oppenheimer Dec., ¶¶ 8 and 9; Exh. 2. The photograph posted on the Website has been edited or cropped so that the copyright management information is no longer visible in the bottom right hand corner. *Id.*

Defendant West Coast Aerial is an organization whose business type is unknown and with its last known principal place of business located at 673 Pestana Dr., Galt, California, 95632. Complaint, ¶ 5; Gafni Dec., Exhs. 1and 2. Defendant Macomber, along with Defendant West Coast Aerial, at all relevant times, owned, operated, managed, supervised, and controlled the website http://www.westcoastaerialservices.com (the "Website"). Complaint, ¶¶ 6-7; Gafni Dec., Exhs. 1 and 2. At the time of the discovery of the infringement, Defendants purported to be an aerial photography and videography service. Complaint, Exhs. 1 and 2.

2:15-CV-01240-TLN-EFB (TEMP)

Plaintiff filed the Complaint in this matter on June 10, 2015. Dkt. No. 1. On July 23, 2015, Defendant Macomber was served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure and Defendant West Coast Aerial was served with the summons and complaint on July 24, 2015, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Dkt Nos. 5 and 6. After neither Defendant responded to the Complaint, Plaintiff filed an Application for Entry of Default against Defendants on August 17, 2015, which was entered the following day. Dkt. Nos. 7 and 8. Presently, the Website is inactive. Gafni Decl. ¶ 11. From the date of service until the date of filing of this Application, Defendants have not contacted Plaintiffs' counsel and have made no effort to defend against the claims raised in this action or to discuss settlement. Gafni Decl., ¶ 9.

## III.   ARGUMENT

### A. Legal Standard for Entering Default Judgment

Once the clerk of the court enters default against a party, the court should take all of the well-pleaded factual allegations in the Complaint as true, except those relating to damages. *Televideo Sys., Inc., v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987). In a motion for default judgment, the court may then consider other submitted evidence and motions to determine damages. *J & J Sport Prods. v. Salas*, 13-cv-0553-BLF, 2015 U.S. Dist. LEXIS 68638, *4 (N.D. Cal. May 27, 2015). The decision to enter a default judgment is discretionary. *Alan Neuman Productions, Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988). The Court also has discretion to determine the prerequisites to an entry of a default judgment. *Televideo*, 826 F. 2d at 917.

Courts routinely award plaintiffs injunctions, statutory damages, and attorneys' fees and costs in copyright infringement actions when default has been entered against defendants. *Autodesk, Inc. v. Flores, 10-cv-01917-LHK*, 2011 U.S.Dist. LEXIS 11687, *30-31 (N.D. Cal. Jan. 31, 2011); *Broadcast Music, Inc. v.*

*Colonial Foods, Inc.*, C-92-4253-DLJ, 1993 U.S. Dist. LEXIS 3859, *9 (N.D. Cal. March 22, 1993); *Livingston v. Art.com, Inc.*, 13-CV-03748-JSC, 2015 U.S. Dist. LEXIS 92211, *52 (N.D. Cal. April 17, 2015) (denying defendant's motion to set aside entry of default and reassigning matter to district judge with recommendation that plaintiff's motion for default judgment be granted).

### B. Default Judgment is Appropriate Here

Courts consider the "*Eitel* factors" in determining whether to enter a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* The *Eitel* factors support a default judgment in this case.

First, Plaintiff would suffer prejudice if this Motion was denied because he would be left without a remedy to the willful infringements of his copyrights. *PepsiCo, Inc.v.Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Further, extensive resources would be wasted in pursuit of Defendants who have no plausible defense and who willfully left an active infringing link live on the internet for close to a year after receiving notice of said infringement. Defendants have failed to engage meaningfully in these issues from the outset. They have shown no real interest in resolving the matter or litigating this case. Without a default judgment from the Court, Plaintiff will be left with no judicial recourse to recover for his legitimate claims of copyright infringement against Defendants and Defendants and others would be undettered. *Id.*; *Dillard v. Victoria M. Morton Enters.*, 2:08-cv-01339 FCD KJN PS, 2010 U.S. Dist. LEXIS 48539, *23 (E.D. Cal. April 23, 2010).

8

The second and third Eitel factors are often addressed together. There is no possibility of a dispute concerning the merits of Plaintiff's substantive claims and the Complaint is sufficiently well-pled to establish all the necessary elements of a claim for direct willful copyright infringement pursuant to17 U.S.C. § 501. *Pepsico*, 238 F. Supp. at 1175. Plaintiff has pled all the necessary elements. The elements necessary to establish a copyright infringement claim are (1) ownership of a valid copyright and (2) the defendant violated at least one of the exclusive right granted to plaintiff under 17 U.S.C. § 106. *Autodesk, Inc.*, 2011 U.S. Dist. LEXIS 11687 at *7-8. Section 106 of the Copyright Act states, in pertinent part, that:

> "the owner of copyright under this title has the exclusive rights to  do and to authorize any of the following (1) to reproduce the copyrighted work in copies or phonorecords; …(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownersip, or by rental, lease, or lending…"

17 U.S.C. § 106.

Plaintiff here has clearly met these elements. As pled in the Complaint and the Declarations filed concurrently herewith, Plaintiff owns the registered copyright to the Photograph at issue. The Photograph is registered with the U.S. Copyright Office, with the registration number and name as stated in the Complaint and Plaintiff's Declaration. Defendants violated the exclusive rights granted to Plaintiff as the copyright owner as provided in Section 106 of the Copyright Act by copying, reproducing, uploading, downloading, publicly displaying, and distributing the photograph to a global audience through their commercial website, including front and back end images, without obtaining a license or consent from the copyright owner. Plaintiff has thus more than sufficiently pled and proven a claim for copyright infringement against Defendants. Since there is no issue as to the merits of Plaintiff's substantive claims, these factor

favors granting a default judgment.

Fourth, the Court must consider the amount of money at stake in relation to the seriousness of a defendant's conduct. *Pepsico*, 238 F. Supp. at 1176-77. This is the most significant factor weighing in favor of granting a default judgment in this case. Not only are significant damages sought, but Defendants' infringing conduct itself was shocking to discover. Defendants used **Plaintiff's aerial photograph to promote their aerial photography business** – a competing business. The image was clearly displayed to be passed off as a photograph which Defendants themselves had taken. Since Defendants never answered the Complaint, and thus discovery was never taken, Plaintiff cannot pinpoint from where Defendants took the Photograph, however, as detailed in Plaintiff's declaration, the metadata embedded in the Photograph shows that Defendants likely stole it from Plaintiff's Website. The amount of statutory damages Plaintiff is requesting is $19,430.00 as well as $475.00 in costs and $5,500.00 in reasonable attorneys' fees. The statutory damages requested are well within the statutory limits and could even be considered tempered given the circumstances in which the Photograph was used. The amount sought is thirteen percent (13%) of the maximum willful statutory damages amount of $150,000 and only sixty-five percent (65%) of the non-willful maximum amount of $30,000. The egregiousness of this infringement combined with a refusal to accord the situation the attention it deserves is a serious matter. If a judgment is not entered against Defendants they will continue to act as if the Copyright laws of the United States do not apply to them. This fourth factor weighs most heavily in favor of granting a default judgment.

Fifth, the court must consider whether there is a possibility of a dispute concerning material facts. *Pepsico*, 238 F. Supp. at 1177. There is no possibility of such a dispute here as all the well-pleaded facts of the Complaint are to be taken as true, except those as to damages. Accordingly, there being no answer, all of the

facts Plaintiff established in the Complaint are to be taken as such by the Court. There is no issue of material fact that will preclude granting a default judgment in favor of Plaintiff. This factor weighs in favor of granting a default judgment.

Sixth, the court must consider whether the default was due to excusable neglect. *Id*. There can be no reasonable finding that the default here was the result of excusable neglect on Defendants part. Defendants were undoubtedly aware of this suit and the infringement of Plaintiff's work. Defendants were notified of the infringements through multiple letters. One of the identified infringing links in the letter was removed after the first letter alerting Defendants to the infringements was sent. Defendants, or at least Mr. Macomber, consulted with counsel. Counsel was advised suit would be filed. The default was taken seven months ago. There are no facts which could lead the Court to believe the default was due to excusable neglect. This factor weighs in favor of granting a default judgment.

Seventh, although there is a strong preference for cases to be decided on the merits wherever possible, the "preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. at 1177 (quoting *Kloepping v. Fireman's Fund*, C 9402684 TEH, 1996 U.S. Dist. LEXIS 1786, *3 (N.D. Cal. Feb. 14, 1996)). Moreover, a **preference** to decide cases on the merits is just that. A court is not bound to decide cases on the merits, this is the very predicate of Rule 55. When a defendant determines that it will not participate in a case the court may grant a default judgment when applicable. As Defendants have done just that here, a decision on the merits is "impractical, if not impossible." *Pepsico*, 238 F. Supp. at 1177.  This factor also weighs in favor of granting a default judgment.

Due to the overwhelming weight of the *Eitel* factors weighing in favor of entering a default judgment against Defendants and Defendants truancy in attending to this matter the Court should enter a default judgment in favor of Plaintiff and against Defendants

**C. Plaintiff is Entitled to Statutory Damages For Defendants' Willful Conduct**

The Copyright Act provides that:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The statutory damages rule's purpose is to compensate the copyright owner for the injury caused by the infringement and to discourage wrongful conduct. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

Under Rule 54(c) of the Federal Rules of Civil Procedure, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. Rule Civ. P. 54(c). Plaintiffs may elect statutory damages or actual damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." *Columbia Pictures Indus. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 186, 1194 (9th Cir. 2001) (quoting *Nimmer on Copyright,* §14.04[A]). Willful infringements include those where defendants have ignored or disregarded notices of the need for licensing. *Broadcast*, 1993 U.S. Dist. LEXIS 3859 at *5. Once statutory damages are chosen,

the court has wide discretion to award damages; it is constrained only by the minimum and maximum limits contained in the statute. *Columbia*, 259 F.3d at 1194. When awarding statutory damages for willful infringements courts are to be guided by the principle that a defendant should not benefit from violating copyright laws. Courts must "put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Odnil Muisc, Ltd. v. Katharsis LLC*, S-05-0545 WBS JFM, 2006 U.S. Dist. LEXIS 65813, *21 (E.D. Cal. July 20, 2006); *Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919, 922 (E.D. Wisc. 1989). "Statutory damages are particularly appropriate in a case, such as this one, in which defendant has failed to mount any defense…thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Oftentimes, courts award multipliers of three (or more) times the unpaid licensing fees as statutory damages. *Odnil*, 2006 U.S. Dist. LEXIS at *21; *Fermanta Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1264 (S.D. Tex. 1989); *Coleman v. Payne*, 698 F. Supp. 704, 708 (W.D. Mich. 1988) (statutory award of over 9 times the licensing fees; $50,000 when licensing fees would have totaled $5,450).

Defendants' conduct here was undoubtedly willful. Plaintiff sent multiple cease and desist and demand letters to Defendants, which they received. At least one of the identified links remained active practically a year from first notification. The pleadings here state that "Plaintiff is entitled to relief, including but not limited to… statutory damages…statutory costs and attorney's fees, and pre-judgment interest" and that "Plaintiff…seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement." Complaint ¶ 46. Statutory damages for willful infringements necessarily carry a punitive component of which courts should be mindful. *Jackson*, 255 F. Supp. 2d at 1103.

13

Plaintiff respectfully requests statutory damages in the amount of **$19,430.00**, based on a five times (5x) multiplier of the front-door licensing rates for the Photograph would have been, according to a generally accepted in the industry photo stock licensing program using the manner of use and length of time it was displayed on the Website. If Defendants had properly licensed their use, they would have paid $3,886.00. Oppenheimer Dec., ¶¶ 13-15; Exh. 4. When these fees are multiplied by a factor of five (5) this becomes $19,430.00. This amount is well within the applicable statutory range for willful direct copyright infringement (13% of the maximum amount) and is an amount that will both compensate Plaintiff for his injury and deter future wrongful conduct by Defendants.

### D. Plaintiff is Entitled to Costs and Reasonable Attorney's Fees

The United States Copyright Act expressly provides that courts "may also award reasonable attorneys fees to the prevailing party as part of the costs." 17 U.S.C. § 505.  Courts have discretion whether to award attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). When determining whether to award attorney's fees the most important factor "is whether such an award will further the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)). The Court in *Fogerty* laid out the factors to be considered when deciding to award attorney's fees: "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S at 535.

Routinely, attorneys' fees are awarded in cases of willful infringements. *Odnil*, 2006 U.S. Dist. LEXIS 39793 at *14-15. In cases where a default judgment is obtained, Plaintiffs are usually awarded attorneys' fees and costs in the ordinary course. *Livingston*, 2015 U.S. Dist. LEXIS 92211 at *37; *Canopy Music Inc. v.*

14

*Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-918 (E.D. Wis. 1997) (case decided and attorney's fees award on a motion for default judgment); *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008); *Pac. Stock, Inc. v. MacArthur & Co.*, 11-00720 JMS/BMK, 2012 U.S. Dist. LEXIS 128258, *19 (D. Haw. Sept. 10, 2012); *Broadcast*, 1993 U.S. Dist. LEXIS 3859 at *7-9; *Lifted Research Group, Inc. v. Salem*, C-08-4497 SC, 2009 U.S. Dist. LEXIS 44850, *21 (N.D. Cal. May 15, 2009).

An award of attorney's fees in this case is justified because Defendants could have easily avoided the need for suit if they had, at any point over the last year, meaningfully responded to Plaintiff's counsel prior to, or at any time during, litigation. Moreover, this litigation would not have been necessary had Defendants taken down the infringing images when identified and engaged in settlement discussions or paid a licensing fee to continue using the image (the prices of which are clearly posted on Plaintiff's website). Defendants cannot claim they were innocent infringers. Costs of suit and attorneys fees are appropriate here.

The reasonable attorneys fees incurred in bringing this suit were $5,500.00. See Gafni Dec., ¶¶ 12-12(c) (spreadsheet reflecting attorney time spent). The costs incurred in bringing this suit are $475.00. Gafni Dec., ¶¶ 13-13(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that a default judgment be entered against Defendants and in favor of Plaintiff granting statutory damages of $19,430.00, including reasonable attorney's fees of $5,500.00 and costs of suit of $475.00.

Respectfully submitted,

15

Dated: April 4, 2016                    LAW OFFICES OF ADAM I. GAFNI


By: /s/     Adam I. Gafni
_____
Adam I. Gafni
Attorneys For Plaintiff
David Gordon Oppenheimer

16

ADAM I. GAFNI, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam @gafnilaw.com

Attorneys for Plaintiff,
DAVID GORDON OPPENHEIMER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>       Plaintiff,<br><br>       v.<br><br>WEST COAST AERIAL SERVICES;<br>BARRY MACOMBER; AND DOES 1-10.<br><br><br>       Defendants. | Case No.: 2:15-cv-01240-TLN-EFB (TEMP)<br><br>Assigned to the Honorable Edmund F. Brennan<br><br>**DECLARATION OF DAVID GORDON OPPENHEIMER IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Complaint Filed: June 10, 2015<br><br>Hearing Date: May 11, 2016<br>Time: 10:00 am |

## <u>DECLARATION OF DAVID GORDON OPPENHEIMER</u>

I, DAVID GORDON OPPENHEIMER, declare as follows:

1

1. I am the Plaintiff in this action. I have personal knowledge of the following facts and if called as a witness I could and would competently testify to the facts stated herein;

2. I am a professional photographer whose work covers many platforms including concert and landscape photography and whose work has appeared in numerous magazines and across different media. I sell and license my photographs through my websites www.performanceimpressions.com and www.concertphotosmagazine.com.

3. I am a resident of the State of North Carolina.

4. I personally took the photograph of the Blue Ridge Mountains in North Carolina that is at issue in this case ("Photograph") and which appeared on Defendants website. I am the owner of all rights and titles to the Photograph, which is copyrighted material.

5. The Photograph belongs to a series I shot in 2013 entitled "Autumn Colors of Foliage – Aerial Photography of the Blue Ridge Mountains." To take this type of photograph, I utilized skills acquired over more than a decade of work as a photographer. I combine the capabilities of professional equipment with an artistic eye while coordinating with a pilot to fly low enough for the desired shot. There is considerable risk to this type of work as options for a field landing in event of a power failure are limited or eliminated, all to line up aerial views for the photograph while considering lighting, framing, and the limited ability of the plane to climb out of tight valleys. Aerial photography flight dynamics do not end with the landing. Days of work go into final editing.

6. The Photograph is registered in my name with the United States Copyright Office under the Registration Number VAu 1-151-394 and name

2

**DECLARATION OF DAVID GORDON OPPENHEIMER IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**          2:15-CV-01240-TLN-EFB (TEMP)

"Aerial_1a_Oct18_2013_OPP7942". A true and correct copy of the Copyright Registration for the photograph is attached hereto as Exhibit "1."

7. I have always held all rights, title, and interest in the copyrights to the Photograph and have never licensed the use of the Photograph to Defendants or consented to their use of it.

8. On August 13, 2014, I learned that Defendants were using my Photograph prominently on their commercial web page at www.westcoastaerialservices.com. Attached as Exhibit "2" is a comparison of original image as a screenshot from Defendants' website with the Photograph as it appears on my website in its full size.

9. The Photograph contains my "David Oppenheimer" copyright signature at the bottom right-hand corner of the Photograph wherever it is lawfully displayed, *e.g.* on any website that is authorized or licensed to display my images. It was displayed on Defendants' website with my visible copyright management information *removed* by what appears to be digital cropping.

10. Numerous notices of copyright and my contact information remained embedded in the metadata of the Photograph used on Defendants site which Defendants would have readily had access by either right-clicking the image to look for its properties, or through any one a number of basic software tools. I have confirmed that the image used on Defendants site still contained metadata, that clearly indicates it was my copyrighted photograph, and that no use is permitted without my express license. Attached as Exhibit "3" is a print out of the metadata contained within my Photograph as it appeared on Defendants' website using a simple web-based solution for viewing photograph metadata. In addition, even engaging in a simple "right-click" of the mouse over the

3

**DECLARATION OF DAVID GORDON OPPENHEIMER IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**    2:15-CV-01240-TLN-EFB (TEMP)

Photograph to reveal the properties of the Photograph shows that it is my Photograph.

11. I have incurred substantial time and expense in creating the Photograph and my business includes the licensing of such photographic works for editorial and commercial use.

12. Defendants used my Photograph without my consent or license, and never received a license or consent from me to use any of my photographic works at any time.

13. When I license my photographs, I calculate the standard pricing for each use of one of my photographic works for a web page based, factors such as the size of the image used, how long it is to be used, and the standard market pricing for rights-managed images used on similar commercial websites, and other factors that are relatively standard in the industry.

14. I have calculated the standard pricing for the specific use of the Photograph at issue in this actions as follows:

"**Aerial_1a_Oct18_2013_OPP7942**"

1 Half-page use between at least July 2014 and June 2015 at http://www.westcoastaerialservices.com/ = $3,886.00

Attached as Exhibit "4" is a stock photo invoice I prepared for the subject use had the Defendants obtained a license for their use. This rate was calculated using my standard methodology and widely used photographic pricing software calculator, fotoQuote.

15. The fotoQuote pricing software I use provides industry guidelines for stock photography pricing. The factors included in such a quote that contribute to the increased fee for the Photograph include that it is an aerial photograph, the

**DECLARATION OF DAVID GORDON OPPENHEIMER IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**                    2:15-CV-01240-TLN-EFB (TEMP)

Photograph was taken during a manned flight with a licensed pilot, and the Photograph was displayed on Defendants' website without my copyright management information on the photograph and without a watermark.

16. Licensing fees for the Photograph at the rate described in Exhibit "4" would have been available to Defendants had the licensing been arranged prior to the unauthorized use of the Photograph. Since Defendants infringed rather than obtain a license, the standard licensing rate no longer applies. I note that Defendants were using my Photograph for anti-competitive purposes since they were using my photograph to promote a competing aerial photography business.

17. Due as well to the clear willfulness of Defendants' infringements and bad faith in, inter alia, refusing to participate in the proceedings, Plaintiff requests that the Court apply a five times (5x) multiplier to the standard licensing fees stated above.

///

///

18. I, therefore, respectfully ask the Court to award damages in the total amount of **$19,430.00.**

I declare under penalty of perjury that the foregoing is true and correct.
Executed this day, the 4th of April 2016, at Buncombe County, North Carolina.

DECLARATION OF DAVID GORDON OPPENHEIMER IN
SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT                     2:15-CV-01240-TLN-EFB (TEMP)

Dated: April 4, 2016

By: _David Gordon Oppenheimer_

David Gordon Oppenheimer

**DECLARATION OF DAVID GORDON OPPENHEIMER IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**                2:15-CV-01240-TLN-EFB (TEMP)

Exhibit 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
## VAu 1-151-394

**Effective date of registration:**
October 24, 2013

---

## Title

**Title of Work:** Aerial Photographs Taken on October 18, 2013 by David Oppenheimer

## Completion/Publication

**Year of Completion:** 2013

## Author

■ **Author:** David Gordon Oppenheimer

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

**Year Born:** 1970

## Copyright claimant

**Copyright Claimant:** David Gordon Oppenheimer

P.O. Box 8105, Asheville, NC, 28814, United States

## Rights and Permissions

**Organization Name:** Performance Impressions LLC

**Name:** David Gordon Oppenheimer

**Email:** dave@performanceimpressions.com          **Telephone:** 828-273-9339

**Address:** P.O. Box 8105

Asheville, NC 28814  United States

## Certification

**Name:** David Gordon Oppenheimer

**Date:** October 24, 2013

SR
1-1010937712

Page 1 of 1

Exhibit 2



Google images

Website for this image
westcoastaerialservices.com

Full-size image - Same size

Size:  800 × 450

This image may be subject to copyright.



© 2013 David Oppenheimer
Performance Impressions

Exhibit 3



home link

You can only drop **images** from your desktop. ×

# metapicz

[ VIEW YOUR METADATA ]

Something to prove on the go? Try Securo Mobile for iPhone and Android

easytimestamping.com protects your intellectual property

Integrate metapicz in your blog with our wordpress extension.

## Drop image files here

or select

**or enter the picture URL**

Insert picture URL GO!

Camera Copyright Location EXIF XMP Maker Notes ICC

## Camera

| | |
|---|---|
| **Make** | NIKON CORPORATION |
| **Model** | NIKON D4 |
| **Exposure** | 1/1000 |
| **Aperture** | 7.1 |
| **Focal Length** | 110.0 mm |
| **ISO Speed** | 1000 |
| **Flash** | No Flash |

## Author and Copyright

| | |
|---|---|
| **Copyright** | © 2013 David Oppenheimer - All Rights Reserved |
| **Creator** | David Oppenheimer |
| **Rights** | © 2013 David Oppenheimer - All Rights Reserved |
| **CopyrightNotice** | © 2013 David Oppenheimer - All Rights Reserved |

## Location

| | |
|---|---|
| **Latitude** | 35.777286 North |
| **Longitude** | 82.301267 West |
| **Altitude** | 1885 m Above Sea Level |

## EXIF

## XMP

| ImageDescription | Autumn colors foliage low altitude aerial photo in Mount Mitchell State Park along the Blue Ridge Parkway in the Blue Ridge Mountains near Burnsville, North Carolina on October 18, 2013 - © 2013 David Oppenheimer - Performance Impressions Photography Archives |
|---|---|
| home    link | |

| XMPToolkit | XMP Core 5.4.0 |
|---|---|
| SerialNumber | 2019007 |
| ImageNumber | 49763 |
| LensID | 162 |
| LensInfo | 70-200mm f/2.8 |
| Lens | 70.0-200.0 mm f/2.8 |
| Instructions | No use permitted without a written license from David Oppenheimer or Performance Impressions LLC |
| Headline | Autumn Colors of Foliage in Mount Mitchell State Park along the Blue Ridge Parkway |
| CaptionWriter | David Oppenheimer |

You can only drop **images** from your desktop.

| Make | NIKON CORPORATION |
|---|---|
| Model | NIKON D4 |
| Orientation | Horizontal (normal) |
| XResolution | 72 |
| YResolution | 72 |
| ResolutionUnit | inches |
| Software | Adobe Photoshop CS6 (Windows) |
| ModifyDate | 2013:10:25 22:20:41 |
| Artist | David Oppenheimer |
| Copyright | © 2013 David Oppenheimer - All Rights Reserved |
| ExposureTime | 1/1000 |
| FNumber | 7.1 |
| ExposureProgram | Manual |
| ISO | 1000 |
| SensitivityType | Recommended Exposure Index |
| ExifVersion | 0230 |
| DateTimeOriginal | 2013:10:18 16:38:13 |
| CreateDate | 2013:10:18 16:24:22 |
| ShutterSpeedValue | 1/1000 |
| ApertureValue | 7.1 |
| ExposureCompensation | 0 |
| MaxApertureValue | 2.8 |
| MeteringMode | Multi-segment |
| LightSource | Unknown |
| Flash | No Flash |
| FocalLength | 110.0 mm |
| SubSecTimeOriginal | 6 |
| ColorSpace | Uncalibrated |
| ExifImageWidth | 800 |
| ExifImageHeight | 450 |
| FocalPlaneXResolution | 136.8888889 |
| FocalPlaneYResolution | 136.8888889 |

| TransmissionReference | Mount Mitchell State Park, Yancy County, Burnsville, Mount Mitchell, NC, North Carolina, mountains, Blue Ridge Mountains, trees, WNC, Western North Carolina, travel, vacation, fall, autumn, fall colors, autumn colors, leaves, tourism, visit, explore, Blue Ridge Parkway, aerial, aerial photographer, aerial photography, Asheville, watershed, nature, water supply, aerial photo, foliage, autumn leaves, |
|---|---|
| City | Burnsville |
| State | North Carolina |
| Country | United States of America |
| Credit | David Oppenheimer |
| AuthorsPosition | Photographer |
| DateCreated | 2013:10:18 16:38:13 |
| Source | Performance Impressions |
| CreatorWorkTelephone | (828) 273-9339 |
| CreatorCountry | United States |
| CreatorWorkURL | http://www.performanceimpressions.com |
| CreatorAddress | P.O. Box 8105 |
| CreatorPostalCode | 28814 |
| CreatorRegion | North Carolina |
| CreatorCity | Asheville |
| CreatorWorkEmail | dave@performanceimpressions.com |
| Location | Mount Mitchell State Park |
| Scene | 011200 |
| CountryCode | USA |
| SubjectCode | Array |

| | |
|---|---|
| FocalPlaneResolutionUnit | mm |
| SensingMethod | One-chip color area |
| FileSource | Digital Camera |
| SceneType | Directly photographed |
| CustomRendered | Normal |
| ExposureMode | Manual |
| WhiteBalance | Auto |
| DigitalZoomRatio | 1 |
| FocalLengthIn35mmFormat | 110 mm |
| SceneCaptureType | Standard |
| GainControl | High gain up |
| Contrast | Normal |
| Saturation | Normal |
| Sharpness | Normal |
| SubjectDistanceRange | Unknown |
| LensInfo | 70-200mm f/2.8 |
| LensModel | 70.0-200.0 mm f/2.8 |
| GPSVersionID | 2.3.0.0 |
| GPSLatitudeRef | North |
| GPSLatitude | 35.777286 |
| GPSLongitudeRef | West |
| GPSLongitude | 82.301267 |
| GPSAltitudeRef | Above Sea Level |
| GPSAltitude | 1885 m |
| GPSTimeStamp | 20:38:14 |
| GPSSatellites | 07 |
| GPSMapDatum | WGS 84 |
| GPSDateStamp | 2013:10:18 |

home   link

You can only drop **images** from your desktop.

| | |
|---|---|
| ModifyDate | 2013:10:25 22:20:41 |
| CreateDate | 2013:10:18 16:24:22 |
| Rating | 5 |
| CreatorTool | Adobe Photoshop CS6 (Windows) |
| UsageTerms | All Rights Reserved - no use permitted without a written license from David Oppenheimer or Performance Impressions LLC |
| Description | Autumn colors foliage low altitude aerial photo in Mount Mitchell State Park along the Blue Ridge Parkway in the Blue Ridge Mountains near Burnsville, North Carolina on October 18, 2013 - © 2013 David Oppenheimer - Performance Impressions Photography Archives |
| Rights | © 2013 David Oppenheimer - All Rights Reserved |
| Title | Autumn Colors of Foliage in Mount Mitchell State Park |
| Creator | David Oppenheimer |
| Subject | Array |

## Maker Notes

Maker Notes data not found.

## ICC Profile

| | |
|---|---|
| ProfileCMMType | ADBE |
| ProfileVersion | 2.1.0 |
| ProfileClass | Display Device Profile |
| ColorSpaceData | RGB |
| ProfileConnectionSpace | XYZ |

**home**   link

You can only drop **images** from your desktop.                    ✕

| | |
|---|---|
| **ProfileDateTime** | 1999:06:03 00:00:00 |
| **ProfileFileSignature** | acsp |
| **PrimaryPlatform** | Apple Computer Inc. |
| **CMMFlags** | Not Embedded, Independent |
| **DeviceManufacturer** | none |
| **DeviceModel** | |
| **DeviceAttributes** | Reflective, Glossy, Positive, Color |
| **RenderingIntent** | Perceptual |
| **ConnectionSpaceIlluminant** | 0.9642 1 0.82491 |
| **ProfileCreator** | ADBE |
| **ProfileID** | 0 |
| **ProfileCopyright** | Copyright 1999 Adobe Systems Incorporated |
| **ProfileDescription** | Adobe RGB (1998) |
| **MediaWhitePoint** | 0.95045 1 1.08905 |
| **MediaBlackPoint** | 0 0 0 |
| **RedTRC** | (Binary data 14 bytes) |
| **GreenTRC** | (Binary data 14 bytes) |
| **BlueTRC** | (Binary data 14 bytes) |
| **RedMatrixColumn** | 0.60974 0.31111 0.01947 |
| **GreenMatrixColumn** | 0.20528 0.62567 0.06087 |
| **BlueMatrixColumn** | 0.14919 0.06322 0.74457 |

Like  246     Tweet   37     Share  7          terms   privacy   about   contact

Exhibit 4



# PERFORMANCE IMPRESSIONS

www.performanceimpressions.com

(828) 273-9339

PO Box 8105
Asheville, NC 28814

---

**EXAMPLE PHOTOGRAPHY LICENSE**

**August 25, 2015**

Barry  Macomber
West Coast Aerial Services
673 Pestana Dr
Galt CA 95632
United States

Quote No: 562

**West Coast Aerial Services**

---

| **Cover/Homepage Use w/o Attribution and Copyright Info** | **1 Image at $3,886** | **$3,886.00** |
|---|---|---|

Usage: Website.Promotional.Regional Market
Time: 1 Year
Image Size: Up to 1/2 Screen
License Duration: 1 Year
Territory: US Only
Industry: Aerial Photography
Rights/Exclusivity: One Year - Non-Exclusive
Restrictions: Cannot Be Syndicated

---

| | Subtotal | $3,886.00 |
|---|---|---|
| | **Grand Total** | **$3,886.00** |

*David G.. Oppenheimer*

David G.. Oppenheimer

---

This example photography usage licensing quote was prepared using a program called fotoQuote made by Cradoc fotoSoftware: http://cradocfotosoftware.com using industry established rates based on several parameters.  This example licensing usage quote is based on typical image placement within the described media. The quote does not convey reproduction rights. Rights to use my work listed in this example quote could have been licensed for rate listed only if licensing was arranged prior to your unauthorized use which is a copyright infringement of my intellectual property.  This license is not offered retroactively because this matter involves copyright infringement.  This is not a bill/invoice or an offer to settle for copyright infringement.

This quote was prepared using the fotoQuote® stock photography pricing software.

ADAM I. GAFNI, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam @gafnilaw.com

Attorneys for Plaintiff,
DAVID GORDON OPPENHEIMER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST AERIAL SERVICES; BARRY MACOMBER; AND DOES 1-10.<br><br>Defendants. | Case No.: 2:15-cv-01240-TLN-EFB (TEMP)<br><br>Assigned to the Honorable Edmund F. Brennan<br><br>**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Complaint Filed: June 10, 2015<br><br>Hearing Date: May 11, 2016<br>Time: 10:00 am |

**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**                    2:15-CV-01240-TLN-EFB (TEMP)

**DECLARATION OF ADAM I. GAFNI**

I, Adam I. Gafni declare as follows:

1. I am an attorney at the law firm of Law Offices of Adam I. Gafni, counsel of record for Plaintiff David Gordon Oppenheimer. If called as a witness, I would competently testify based on personal knowledge to the facts stated herein;

2. As part of my investigation into this case, I looked up the domain registration information for website www.westcoastaerialservices.com (the "Website"). The information listed on this domain tools website lists the registered owner, administrator and technical name for the Website as Barry Macomber and the corresponding address for all three descriptors is for a property Macomber owns, according to available public records. Such information is the same during the time period relative for the infringement. **Attached as Exhibit "1"** is a printout for whois record for July 7, 2014, for westcoastaerialservices.com showing Barry Macomber as the owner of the website during the relevant time period and that Mr. Macober's email is westcoastaerialservices@yahoo.com. Attached as **Exhibit "2"** is a whois record showing Mr. Macomber as the registrant (owner) of the website as of December 24, 2015.

3. On October 8, 2014, my firm sent Defendants, via email and U.S. mail, a Notice of Infringement and Demand to Cease and Desist letter, which went unanswered. Attached as **Exhibit "3"** is a true and correct copy of the Notice of Infringement Letter, redacted. It is highly likely that Defendants received this letter as sometime after this letter was sent one (1) of the two (2) infringing links identified in the letter was removed from Defendants' website.

4. On November 7, 2014, my firm sent another letter in an attempt to settle Plaintiff's dispute without need for litigation. Attached as **Exhibit "4"** is a true and correct copy of the letter to West Coast Aerial Services dated November 7,

2

2014, with certain information concerning the specific monetary settlement demand.

5. My firm then was contacted via letter by an attorney named Marcus Bastida of Parker Stanbury LLP stating that Defendant Barry Macomber ("Macomber") had consulted with his firm concerning this matter in response to the cease and desist letters. I engaged in subsequent communications with Mr. Bastida in an attempt to resolve the matter before suit, including responding in writing on December 8, 2014, and that absent resolution suit would be filed after December 22, 2014.

6. Having not heard from Mr. Bastida, I again advised as late as June 1, 2015, via phone and email, as well as via email on June 3, 2015, that this matter remained open and that absent settlement, a complaint would be on file and his client would be served.

7. On June 10, 2015, Plaintiff filed the Complaint in this matter against Defendants for willful direct copyright infringement.  Dkt. No. 1.

8. As evidence by the proofs of service on file with this Court, Defendant West Coast Aerial Services was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on July 24, 2015 and Defendant Barry Macomber was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on July 23, 2015.

9. From the date of service to the present, Defendants have not contacted Plaintiff's counsel and have made no effort to defend against the claims raised in this action or to negotiate a settlement.

10. On August 17, 2015, Plaintiffs filed an Application for Entry of Default against Defendants, which was entered the following day. Dkt. Nos. 7 and 8.

11. The website www.westcoastaerialservices.com is currently inactive.

**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

12. Plaintiff has incurred $5,500.00 in attorneys' fees and $475.00 in costs in bringing this action, seeking default, and now filing this default judgment packet.

a. Based on my education, training, and experience my reasonable hourly rate is $400.00 per hour. I graduated from Loyola Law School *cum laude* and Order of the Coif in 2003 and since January 2004 have been licensed by the State of California as a practicing attorney primarily focused on intellectual property and real estate litigation matters. I currently own my own law firm where I supervise two (2) other licensed California attorneys. I have regularly appeared before California State Courts and Federal Courts.

b. Based on my associates education, training, and experience her hourly rate is $300.00 per hour. She has been a practicing, licensed California attorney since December 2013 and appeared in State Court as well as in Federal Court on matters focusing on real estate litigation and intellectual property matters.

///

///

///

///

///

///

**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF
APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**                    2:15-CV-01240-TLN-EFB (TEMP)

c.  Below is a spreadsheet reflecting a discounted amount of the time spent in this matter along with the reasonable hourly rate to be applied. I have not applied a number of hours in crafting pre-suit correspondence and attempting to engage meaningfully with Mr. Bastida in addition to other work involved.

| Attorney | Date | Quantity (hours) | Rate/hr | Price | Note |
|---|---|---|---|---|---|
| AG | 6/3/2015 | 2 | $400.00 | $800.00 | Research and analysis re claims and defendant identity |
| SM | 6/8/2015 | 2 | $300.00 | $600.00 | Draft Complaint and initiating documents |
| SM | 6/9/2015 | 1 | $300.00 | $300.00 | Draft Complaint and initiating documents |
| AG | 6/10/2015 | 1 | $400.00 | $400.00 | Review / revise Complaint |
| SM | 8/17/2015 | 0.5 | $300.00 | $150.00 | Draft Application for Entry of Default |
| SM | 11/24/2015 | 4 | $300.00 | $1,200.00 | Draft Default Judgment Packet |
| SM | 3/31/2016 | 2.5 | $300.00 | $750.00 | Draft Default Judgment Packet |
| SM | 4/1/2016 | 1 | $300.00 | $300.00 | Draft Default Judgment Packet |
| AG | 4/1/2016 | 2.5 | $400.00 | $1,000.00 | Review / revise default judgment packet |
| | | 1.5 | | | |
| | | | | | |
| | | 18.00 hours | | $5,500.00 | |

13. Plaintiff has incurred at least the following in costs in connection with this action in the amount of $475.00.

    a.  Filing the action: $400.00

    b.  Chambers copies for Application for Default: $75.00

14. West Coast Aerial Services is not a minor or incompetent person.

15. Barry Macomber is not a minor or incompetent person.

16. Defendants are not currently in the military service, and therefore the Service Members' Civil Relief Act (50 U.S.C. App § 521) does not apply.

**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF
APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

2:15-CV-01240-TLN-EFB (TEMP)

I declare under the penalty of perjury under the laws of the United States of American that the above is true and correct. Executed this day the 4th of April 2016, at Santa Monica, California.

Dated: April 4, 2016          LAW OFFICES OF ADAM I. GAFNI

                                  By:  /s/ Adam I. Gafni
                                  Adam I. Gafni
                                  Attorneys for Plaintiff
                                  David Gordon Oppenheimer

**DECLARATION OF ADAM I. GAFNI IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**        2:15-CV-01240-TLN-EFB (TEMP)

# Exhibit 1

Home >  Whois History >  Westcoastaerialservices.com

# Whois History for Westcoastaerialservices.com

≪

How does this work?

## Lookup Domain Ownership History

westcoastaerialservices.com

LOOKUP

ONE-CLICK MONITORING

Create a Domain Monitor to monitor future changes to "**westcoastaerialservices.com**".

Add a Monitor

Enter a term to filter on

# Unique Records

collapse all

*private*

*11 historical records found*

Case 2:15-cv-01240-TLN-EFB   Document 11-2   Filed 04/04/16   Page 9 of 29

## 2016
1 total

2016-04-01          more | screenshot

## 2015
7 total

2015-12-24          more | screenshot

2015-09-06          more | screenshot

2015-06-05          more | screenshot

2015-06-02          more | screenshot

2015-06-01          more | screenshot

2015-05-23          more | screenshot

2015-02-27          more | screenshot

## 2014
3 total

2014-12-12          more | screenshot

2014-09-29          more | screenshot

› 2014-07-07        more | screenshot

---

## Whois Record for 2014-07-07

*Previous*                                    Next (2014-09-29) »

**Domain:**

westcoastaerialservices.com

Record Date:  2014-07-07
Registrar:    GODADDY.COM, LLC
Server:       whois.godaddy.com
Created:      2014-07-05
Updated:      2014-07-05
Expires:      2016-07-05

**Reverse Whois:**

abuse@godaddy.com   Q     westcoastaerialservices@yahoo.com   Q

```
Domain Name: WESTCOASTAERIALSERVICES.COM
Registry Domain ID: 1865689025_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2014-07-05 22:45:46
Creation Date: 2014-07-05 22:45:46
Registrar Registration Expiration Date: 2016-07-05 22:45:46
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Barry Macomber
Registrant Organization:
Registrant Street: 673 Pestana Dr
Registrant City: Galt
Registrant State/Province: California
Registrant Postal Code: 95632
Registrant Country: United States
Registrant Phone: +1.2092006689
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: westcoastaerialservices@yahoo.com
Registry Admin ID:
Admin Name: Barry Macomber
Admin Organization:
Admin Street: 673 Pestana Dr
Admin City: Galt
Admin State/Province: California
Admin Postal Code: 95632
Admin Country: United States
Admin Phone: +1.2092006689
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: westcoastaerialservices@yahoo.com
Registry Tech ID:
Tech Name: Barry Macomber
Tech Organization:
Tech Street: 673 Pestana Dr
Tech City: Galt
Tech State/Province: California
Tech Postal Code: 95632
Tech Country: United States
Tech Phone: +1.2092006689
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: westcoastaerialservices@yahoo.com
Name Server: NS45.DOMAINCONTROL.COM
Name Server: NS46.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

Sitemap　Blog　Terms of Service　Privacy Policy　Contact Us　Domain News　　© 2016 DomainTools

Exhibit 2

Home >  Whois History >  Westcoastaerialservices.com

# Whois History for Westcoastaerialservices.com

≪

How does this work?

## Lookup Domain Ownership History

westcoastaerialservices.com

LOOKUP

ONE-CLICK MONITORING

Create a Domain Monitor to monitor future changes to "**westcoastaerialservices.com**".

Add a Monitor

Enter a term to filter on

# Unique Records

collapse all

👁 *private*

*11 historical records found*

## 2016                                                                                      1 total

2016-04-01            *more* | *screenshot*

## 2015                                                                                      7 total

> __2015-12-24__          *more* | *screenshot*

2015-09-06            *more* | *screenshot*

2015-06-05            *more* | *screenshot*

2015-06-02            *more* | *screenshot*

2015-06-01            *more* | *screenshot*

2015-05-23            *more* | *screenshot*

2015-02-27            *more* | *screenshot*

## 2014                                                                                      3 total

2014-12-12            *more* | *screenshot*

2014-09-29            *more* | *screenshot*

2014-07-07            *more* | *screenshot*

---

## Whois Record for 2015-12-24

« Previous (2015-09-06)                                          Next (2016-04-01) »

**Domain:**

westcoastaerialservices.com

**Record Date:**  2015-12-24
**Registrar:**    GODADDY.COM, LLC
**Server:**       whois.godaddy.com
**Created:**      2014-07-06
**Updated:**      2015-04-24
**Expires:**      2016-07-06

**Reverse Whois:**

abuse@godaddy.com  🔍     westcoastaerialservices@yahoo.com  🔍

```
Domain Name: WESTCOASTAERIALSERVICES.COM
Registry Domain ID: 1865689025_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2014-07-06T03:45:46Z
Creation Date: 2014-07-06T03:45:46Z
Registrar Registration Expiration Date: 2016-07-06T03:45:46Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Barry Macomber
Registrant Organization:
Registrant Street: 673 Pestana Dr
Registrant City: Galt
Registrant State/Province: California
Registrant Postal Code: 95632
Registrant Country: US
Registrant Phone: +1.2092006689
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: westcoastaerialservices@yahoo.com
Registry Admin ID:
Admin Name: Barry Macomber
Admin Organization:
Admin Street: 673 Pestana Dr
Admin City: Galt
Admin State/Province: California
Admin Postal Code: 95632
Admin Country: US
Admin Phone: +1.2092006689
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: westcoastaerialservices@yahoo.com
Registry Tech ID:
Tech Name: Barry Macomber
Tech Organization:
Tech Street: 673 Pestana Dr
Tech City: Galt
Tech State/Province: California
Tech Postal Code: 95632
Tech Country: US
Tech Phone: +1.2092006689
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: westcoastaerialservices@yahoo.com
Name Server: NS45.DOMAINCONTROL.COM
Name Server: NS46.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

Sitemap    Blog    Terms of Service    Privacy Policy    Contact Us    Domain News     © 2016 DomainTools

Exhibit 3



Adam I. Gafni
Woolf Gafni & Cirlin LLP 10850
Wilshire Boulevard,
Suite 510
Los Angeles, California
90024
310-474-8776
adam.gafni@wgclawyers.com

October 8, 2014

**VIA U.S. MAIL & EMAIL**

**West Coast Aerial Services**
**Attn: Barry Macomber and Don**
**Mattingly**
673 Pestana Drive
Galt, CA 95632
westcoastaerialservices@yahoo.com

Re:   *David Oppenheimer v. West Coast Aerial Services; Barry Macomber and Don Mattingly*
      *United States District Court Case No.:  Not Yet Filed*

<div align="center">

**NOTICE OF INFRINGEMENT AND DEMAND TO CEASE AND DESIST**

</div>

Dear West Coast Aerial Services; Barry Macomber and Don Mattingly:

Please be advised that my office represents David Oppenheimer in connection with his claims for copyright infringement against West Coast Aerial Services; Barry Macomber and Don Mattingly (hereinafter "WCAS Defendants").  If you have counsel, please immediately forward this correspondence to your attorney and provide your attorney's contact information to me.

Mr. Oppenheimer is a renowned photographer specializing concert photography.  Mr. Oppenheimer operates Performance Impressions, LLC dba www.performanceimpressions.com and www.concertphotosmagazine.com and regularly sells his copyrighted images across the United States.  Mr. Oppenheimer's photographs are copyrighted images.

Recently, it has come to our attention that WCAS Defendants has improperly displayed and used one of our client's copyrighted images commercially and without authorization on your website. Specifically, the image you are improperly using "Autumn Colors of Foliage- Low Altitude Aerial Photography of Blue Ridge Mountains on October 18, 2013" is registered with the U.S. Copyright Office as VAu 1-151-394.

West Coast Aerial Services; Macomber; and Mattingly                    October 8, 2014

**Autumn Colors of Foliage- Low Altitude Aerial Photography of Blue Ridge Mountains on October 18, 2013**
**U.S. Copyright Registration # VAu 1-151-394**



  This copyrighted image impermissibly appears commercially on your webpage, without authorization as follows:

West Coast Aerial Services; Macomber; and Mattingly                          October 8, 2014

**Infringing URL:** http://www.westcoastaerialservices.com/



West Coast Aerial Services; Macomber; and Mattingly                                          October 8, 2014

**Infringing Image URL:**
http://nebula.wsimg.com/b51213b933ac80708842cbeac4d3fbd3?AccessKeyId=15861E9BFF924
B920925&disposition=0&alloworigin=1





### You Have Repeatedly Violated Mr. Oppenheimer's Rights Under U.S. Copyright Law

     It is unquestionable that you have infringed upon our client's copyright by using the aforementioned images on your website as part of your commercial advertising efforts.

     Under United States Copyright Law, the copyright owner of an image has the exclusive rights to reproduce, distribute, display or prepare derivative works based upon the image. 17 USC §§106 & 501. Any reproduction, distribution, or display of a copyrighted work without authorization from the copyright holder constitutes infringement. This is a strict liability offense: you are responsible for any infringing act on your web pages regardless of your intent. **Removal of the infringed works does not relieve you from liability for damages arising from your past infringements.**

### Damages Arising From Your Repeated Copyright Infringements

     ***Actual Damages and WCAS Defendants' Profits.*** In the event that a copyright owner's rights are infringed upon, a copyright owner is entitled to recover actual damages and profits earned by Concertour.com from the infringement *regardless* of whether the infringement was intentional or willful. 17 U.S.C.A. § 504(c)(1).

     Here, WCAS Defendants' use of the image to advertise and promote itself may allow our client to recover all profits generated from or related to WCAS Defendants' online advertising campaign. *See, e.g., Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004)(copyright owner need only show gross revenue earned by infringer related to the infringement). The burden would then

West Coast Aerial Services; Macomber; and Mattingly                                   October 8, 2014

shift to WCAS Defendants to establish that revenue related to the online campaign was not attributable to the copyrighted work. *Russell v. Price*, 612 F.2d 1123, 1130-1 (9th Cir. 1979)(well-established that "[d]efendants are obliged to prove their deductible expenses...or else 'the gross figure is left to stand as the profit factor'").

***Statutory Damages.*** Additionally, since as noted above, at the time of your infringement, the images were registered with the United States Copyright Office, Mr. Tylor, may elect to obtain statutory damages of up to **$30,000.00** for each infringement or up to **$150,000.00** for each willful infringement. Attorney's fees may also be awarded.

"Willfulness" within the meaning of the Copyright act means that the infringer either had actual knowledge that it was infringing the plaintiff's copyright or else acted in reckless disregard of the high probability that it was infringing the plaintiff's copyright. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1115, 1 U.S.P.Q.2d (BNA) 1261, 1265 (2d Cir. 1986). This knowledge may be actual or constructive. *Ibid.* Moreover, **willfulness may be established for statutory damages purposes by showing that the alleged infringers continued to use the copyrighted works after receiving a cease-and-desist letter from those works' owners.** *Flowserve Corp. v. Hallmark Pump Co., Inc.* (S.D. Tex. 2011), 98 U.S.P.Q.2d 1979, 1986, 1987-88, 2011 WL 1527951.

### Damages Arising From Your Violation of the Digital Millennium Copyright Act

Besides blatantly violating copyright laws in your infringing uses of the images in question, it appears that you may have violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by removing copyright management information from the above images that were used on your webpages. 17 U.S.C.A. § 1202.

The DMCA provides that no person shall, without the authority of the copyright owner or the law "intentionally remove or alter any copyright management information... or distribute... copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law." 17 U.S.C.A. § 1202.

The DMCA provides that for minimum statutory damages in sum of not less than $2,500 or more than $25,000.00 as to each violation. Copyright management information includes the name of the author of the work. The photographer's copyright management information is included with his images where those images legitimately appear, but it has been edited or omitted from the images used on your webpages. Based upon the image used on your website this would subject you to a minimum of $2,500.00 for the DMCA violations, in addition to attorney's fees and costs, and additional damages for the copyright infringements.

### Demand For Preservation of All Evidence
### Related to Website Usage And Electronic Data Related To The Copyrighted Images

Now that you are on notice of the claims against WCAS Defendants, you are under an obligation to preserve **all** evidence (including all electronic data) related to such claims and damages or face sanctions in litigation for spoliation of such evidence. "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the

action." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.* 264 F.R.D. 517, 523-24 (N.D. Cal. 2009); *see also Unigard Sec. Ins. Co. v. Lakewood Engineering & Man. Corp.*, 982 F.2d at 365, 369 (9th Cir 1992) (upholding the district court's exclusion of plaintiff's expert testimony based on evidence plaintiff destroyed two years before filing suit).

Spoliation need not be in bad faith to warrant imposition of sanctions. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993). Such sanctions may include a jury instruction that it may draw an adverse inference from the spoliation, exclude witness testimony and evidence, or other more severe litigation sanctions. *Id.*; *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173 (8th Cir.1982).

### Demand for Insurance Policy Information

Please be advised that the claims made against WCAS Defendants may fall within "advertising injury" coverage provided as part of a typical Commercial General Liability ("CGL") policy. *See, J.I.P., Inc. v. Reliance Ins. Co.*, 165 F.3d 35 (9th Cir. 1998). Please confirm that you have tendered this matter to your CGL insurer and provide us the policy number, carrier, and claim number as. Please be advised that your delay of tendering this claim to your insurer may result in a denial of coverage for the substantial damages we may seek to recover.

### Our Client's Demands

For settlement purposes and in order to avoid the delay of litigation, my client will settle his copyright infringement and DMCA claims against WCAS Defendants for the known infringements by issuing a release for the infringing past uses on your web pages shown above only, for a payment of ███████ paid in full before close of business on October 22, 2014. Any further attorney's fees and costs that my client must incur in order to resolve this matter will be added to the settlement demand. This settlement amount anticipates **immediate** removal of all uses of the images from the webpages along with no further uses of the copyrighted image. Any other uses of the image or any other image must be subject to further action and are not released herein.

Accordingly, our client demands that you:

**(1) Immediately cease and desist from all unlicensed uses of our client's above images;**

**(2) Preserve all electronic evidence of your source of our client's images the date that they were uploaded to your webpage along with viewership/"hits" data, and revenue related to your website and use of such images;**

**(3) Confirm tender of this claim to your insurer and provide to us your insurance policy number and carrier name; and**

**(4) Remit the full ███████ to my office by October 22, 2014.**
    *(Payable to: Woolf Gafni & Cirlin LLP Client Trust Account)*

Should you choose not to cooperate with our client's demands and willingness to resolve this matter short of litigation, our client reserves his right to seek all available remedies, as well as attorney's

West Coast Aerial Services; Macomber; and Mattingly                    October 8, 2014

fees and costs for your infringement.   You should consult with counsel experienced in copyright litigation concerning this matter.

      This is a settlement offer subject to Rule 408 of the Federal Rules of Evidence.   Please contact our office if you have any questions.


                    Very Truly Yours,
                  WOOLF GAFNI & CIRLIN LLP.

                    Adam I. Gafni, Esq.

Exhibit 4



Adam F. Gafni
Woolf Gafni & Fowler LLP
10850 Wilshire Boulevard,
Suite 510
Los Angeles, California
90024
Office: (310) 474-8776
Fax: (310) 919-3037
adam.gafni@wgclawyers.com

November 7, 2014

**VIA U.S. MAIL & EMAIL**

**West Coast Aerial Services**
**Attn: Barry Macomber and Don**
**Mattingly**
673 Pestana Drive
Galt, CA 95632

westcoastaerialservices@yahoo.com

Re:   *David Oppenheimer v. West Coast Aerial Services; Barry Macomber and Don Mattingly*
      *United States District Court Case No.: Not Yet Filed*

Dear West Coast Aerial Services; Barry Macomber and Don Mattingly:

Please consider this my client David Oppenheimer's **final offer** to settle this matter with you prior to commencing litigation.

As you are aware, on October 8, 2014 I sent you on behalf of my client a cease-and-desist and demand letter regarding West Coast Aerial Services; Barry Macomber and Don Mattingly (hereinafter "WCAS Defendants") unlawful use of our client's copyrighted image "Autumn Colors of Foliage- Low Altitude Aerial Photography of Blue Ridge Mountains on October 18, 2013," registered with the U.S. Copyright Office as VAu 1-151-394.

It appears that you have received our cease-and-desist letter, as one (1) of the identified links have been deactivated or no longer contain my client's copyrighted work. As well, the entire look of the site has since been altered as a result of my letter. However, we have identified one (1) URL that to continues to be active as of the date of this letter. This link as well as the corresponding continuing infringing screenshot is included on the following page.

West Arris Service and Documents 1 November 7, 2014
Case 2:15-cv-01240-TLN-EFB   Document 11-2   Filed 04/04/16   Page 27 of 29
P a g e | 2

http://nebula.wsimg.com/b51213b933ac80708842cbeac4d3fbd3?AccessKeyId=15861E9BFF924B920925&disposition=0&alloworigin=1



It is quite clear now that WCAS Defendants have squarely placed themselves in the position of a willful copyright infringer. "Willfulness" within the meaning of the Copyright act means that the infringer either had actual knowledge that it was infringing the plaintiff's copyright or else acted in reckless disregard of the high probability that it was infringing the plaintiff's copyright. *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1115, 1 U.S.P.Q.2d (BNA) 1261, 1265 (2d Cir. 1986). This knowledge may be actual or constructive. *Ibid.* Moreover, **willfulness may be established for statutory damages purposes by showing that the alleged infringers continued to use the copyrighted works after receiving a cease-and-desist letter from those works' owners.** *Flowserve Corp. v. Hallmark Pump Co., Inc.* (S.D. Tex. 2011), 98 U.S.P.Q.2d 1979, 1986, 1987-88, 2011 WL 1527951.

I have heard no response from my letter of last month. As you are aware we demanded a signed settlement agreement along with $20,000.00 payable by October 22, 2014 (Payable to: Woolf Gafni & Cirlin LLP Client Trust Account).[1] That offer was tailored to the specific infringing uses up until that time, and contemplated the immediate removal of all of my client's copyrighted images. That offer is no longer available at this time.

**TO REITERATE,** you continue to commit copyright infringement by unlawfully and without permission using our client's copyrighted work on your website. Our client, now for a

---

[1] Please be advised that the claims made against WCAS Defendants may fall within "advertising injury" coverage provided as part of a typical Commercial General Liability ("CGL") policy. *See, J.I.P., Inc. v. Reliance Ins. Co.,* 165 F.3d 35 (9th Cir. 1998). However, your delay of tendering this claim to your insurer may result in a denial of coverage for the substantial damages we may seek to recover.

10850 Wilshire Blvd. Suite 510 ◆ Los Angeles, California 90024

West Coast Aerial Service, LLC... November 20, 2014
Case 2:15-cv-01240-TLN-EFB   Document 1-2   Filed 04/04/16   Page 28 of 29

Page | 3

**final time,** demands that you sign a settlement agreement and remit the total amount now due of **$25,000.00** by **November 14, 2014.**  Without an agreement in place, our client will have no choice but to file suit, seeking all **damages** as well as **attorney's fees** and **costs** for your infringement.

As a reminder, the Mr. Oppenheimer may elect to obtain statutory damages of up to $30,000.00 for each infringement or up to $150,000.00 for each willful infringement. Additionally, Mr. Tylor may seek any and all profits from the use of his images on http://www.westcoastaerialservices.com/.  WCAS Defendants may be held liable for all attorney's fees and costs to date.  17 U.S. Code § 505 states "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." WCAS Defendants have presented no good faith defenses to their copyright infringement precluding such an award.  In fact, any defense raised would certainly be found to be objectively unreasonable almost assuring a full award of fees and costs.

For the final time we strongly urge you to seek counsel experienced in copyright litigation before declining Mr. Oppenheimer's demands.

We continue to request preservation of all electronic evidence of your source of our client's image, the date that they were uploaded to your web pages along with viewership data, and revenue related to http://www.westcoastaerialservices.com/[2].

This is a settlement offer subject to Rule 408 of the Federal Rules of Evidence.   Please contact our office if you have any questions.

Very Truly Yours,
WOOLF GAFNI & CIRLIN LLP.

Adam I. Gafni, Esq.

---

[2] As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.* 264 F.R.D. 517, 523-24 (N.D. Cal. 2009); *see also Unigard Sec. Ins. Co. v. Lakewood Engineering & Man. Corp.*, 982 F.2d at 365, 369 (9th Cir 1992) (upholding the district court's exclusion of plaintiff's expert testimony based on evidence plaintiff destroyed two years before filing suit).

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>WEST COAST AERIAL SERVICES; BARRY MACOMBER;<br>and DOES 1-10 _____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❑ the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____), which includes prejudgment
interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

❑ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____
_____ .

❑ other:



.

This action was *(check one)*:

❑ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

❑ tried by Judge _____ without a jury and the above decision
was reached.

❑ decided by Judge _____ on a motion for



.

Date: _____

*CLERK OF COURT*


_____
*Signature of Clerk or Deputy Clerk*

1    ADAM I. GAFNI, Cal. Bar No. 230045
2    LAW OFFICES OF ADAM I. GAFNI
3    2811 Wilshire Blvd., Suite 780
     Santa Monica, CA 90403
4    Tel: (424) 744-8344
5    Fax: (424) 488-1344
     E-mail: adam @gafnilaw.com
6
7    Attorneys for Plaintiff,
     DAVID GORDON OPPENHEIMER
8

9               UNITED STATES DISTRICT COURT
10
11            EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  DAVID GORDON OPPENHEIMER, | Case No.: 2:15-cv-01240-TLN- EFB (TEMP) |
| 13         Plaintiff, | |
| 14 | |
| 15         v. | Assigned to the Honorable Edmund F. Brennan |
| 16  WEST COAST AERIAL SERVICES; | |
| 17  BARRY MACOMBER; AND DOES 1-10. | |
| 18 | **[PROPOSED] ORDER ON THE MOTION FOR DEFAULT JUDGMENT [FRCP 55(b)(2)]** |
| 19 | |
| 20        Defendants. | |
| 21 | Complaint Filed: June 10, 2015 |
| 22 | |
| 23 | Hearing Date: May 11, 2016 |
| 24 | Time: 10:00 am |

25
26
27
28

**[PROPOSED] DEFAULT JUDGMENT IN FAVOR OF**          2:15-CV-01240-TLN-DAD
**PLAINTIFF DAVID GORDON OPPENHEIMER [FRCP 55(B)(2)]**

# JUDGMENT

On May 11, 2016, the above-entitled Court considered Plaintiff's Motion for Default Judgment against, WEST COAST AERIAL SERVICES and BARRY MACOMBER (collectively, "Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After considering the papers submitted in connection with the motion, the papers on file in this action, the evidence offered at the hearing, if any, and the authority cited, the Court finds as follows;

1. The default of Defendants West Coast Aerial Services and Barry Macomber was entered by the Court on August 18, 2015.

2. Defendant West Coast Aerial Services is not a minor, an incompetent person, or a current member of the military service.

3. Defendant Barry Macomber is not a minor, an incompetent person, or a current member of the military service.

4. Plaintiff David Gordon Oppenheimer has established that Defendants are liable to Plaintiff jointly and severally for statutory damages for willful copyright infringement in the amount of $19,430.00, reasonable attorney's fees in the amount of $5,500.00, and costs of suit in the amount of $475.00.

///

///

**[PROPOSED] DEFAULT JUDGMENT IN FAVOR OF**
**PLAINTIFF DAVID GORDON OPPENHEIMER [FRCP 55(B)(2)]**            2:15-CV-01240-TLN-DAD

**THERFORE, IT IS ORDERED THAT:**

1. Default judgment be entered against Defendant West Coast Aerial Services and Defendant Barry Macomber jointly and severally as follows: for damages in the amount of $19,430.00, reasonable attorney's fees in the amount of$5,500.00, and costs of suit in the amount of $475.00.

2. This judgment shall bear interest at the judgment rate from the date of entry until paid.

3. All relief not expressly granted is denied.

    IT IS SO ORDERED.

Dated: May 11, 2016

By: _____
Honorable Edmund F. Brennan
U.S. Magistrate Judge

**[PROPOSED] DEFAULT JUDGMENT IN FAVOR OF**                    2:15-CV-01240-TLN-DAD
**PLAINTIFF DAVID GORDON OPPENHEIMER [FRCP 55(B)(2)]**